MARTIN ARENSON, PLAINTIFF-RESPONDENT, v. SKOURAS THEATRES CORPORATION, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 4, 1943—Decided July 20, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the defendant-appellant, *Carey & Lane* (*Harry Lane* and *David A. Pindar,* of counsel).

For the plaintiff-respondent, *S. Arthur Schnitzer* (*Murray Greiman,* of counsel).

The opinion of the court was delivered by

COLIE, J. Plaintiff, Martin Arenson, brought suit against the respondent, Skouras Theatres Corporation, seeking damages for injuries suffered through the alleged negligence of defendant, its agents or servants. The specific allegation of negligence was that "the plaintiff was led and guided to a seat or permitted to seat himself in a seat which immediately prior thereto had been washed or cleaned or painted with a cleaning fluid or mixture containing ingredients harmful to skin and flesh, and which was not yet dry and which the defendant corporation, by its agents and servants, should have *been* roped off or caused to be roped off or guarded so that nobody including this plaintiff would seat themselves therein." The jury returned a verdict for the plaintiff.

We are urged to reverse the judgment for error in refusing defendant's motions for nonsuit and direction of verdict in

its favor and also for alleged error in the admission of evidence.

We first deal with one of the grounds of appeal directed to the admission of testimony from the plaintiff as to what an usher said to the manager of the theatre after the occurrence. When plaintiff discovered that he had sat on a wet seat, he went to the usher and told her he would like to see the manager. She took him to the manager and plaintiff told him what had happened. At this point the court took over the examination as follows:

"Q. Will you now answer the court's question, what did he say to you?

"Mr. Pindar: I object.

"The court: You have already got your objection. It is the same question repeated.

"A. He asked the girl what it was all about and she said that she——

"Mr. Pindar: I object.

"The court: Did he ask the girl what it was all about in your presence?

"The witness: That is right.

"The court: Objection overruled.

"Mr. Pindar: Exception.

"A. And she said——

"Mr. Pindar: I object, if your honor please.

"The court: Objection overruled.

"Mr. Pindar: What the girl said?

"The court: Yes.

"Mr. Pindar: On the ground that there is no proof that the girl was competent to make a statement——

"The court: They will connect it up later on.

"Mr. Pindar: It is incompetent, sir.

"The court: All right.

"Mr. Pindar: Exception.

"A. That they had been using this fluid to get some gum off the seat.

"The court: What kind of fluid did she say she had used, if any?

"The witness: Well, she didn't say.

"The court: She said she had been using a fluid to get gum off the seat?

"The witness: Yes, sir.

"Mr. Pindar: I object to your honor's question and ask your honor to strike your honor's question and strike the answer.

"The court: I respectfully decline.

"Mr. Pindar: Exception."

It is argued that this testimony was admissible as part of the *res gestæ*. To be admissible on this ground, the declaration must be concomitant with and illustrative of the character of the event under consideration. If merely narrative of a past occurrence, it may not be received as proof thereof. *Blackman* v. *West Jersey and Seashore Railroad Co.*, 68 *N. J. L.* 1; *Thompson* v. *Giant Tiger Corp.*, 118 *Id.* 10. The usher's statement does not meet this test. Nor is there any proof that it was made in the execution of her agency so as to be admissible in evidence against the principal. *Raffetto* v. *Warner Bros. Theatres, Inc.*, 121 *Id.* 333; *Van Allen* v. *Lobel*, 123 *Id.* 273; *Thompson* v. *Giant Tiger Corp., supra*. It is said that the error, if any, in admitting this testimony was harmless since evidence of an identical nature was brought out on cross-examination of the plaintiff. The record discloses no evidence to justify the argument raised. There was error in the admission of this testimony.

Having eliminated the testimony of the usher from the case, the state of the evidence as it stood at the close of the case disclosed that plaintiff was shown to a seat by the usher while the theatre was in darkness; that plaintiff felt wet and the liquid smelled like benzine; that the manager told the plaintiff they had a cleaner to remove chewing gum from the seat; that the "gum remover" smelled like alcohol. Accepting this evidence as true and drawing from it all reasonable inferences, there is nothing upon which a jury could, within the framework of the allegations of the complaint, base a finding of negligence. The fact that the defendant had a cleaning fluid which smelled like alcohol, whereas the fluid in which the plaintiff sat smelled like benzine, raised no reasonable inference of negligence on the part of any employee

of the theatre. For all that the evidence shows, the presence of the liquid on the seat may have been due to another patron. The proofs do not exclude the idea that the liquid was on the seat through a cause with which the defendant theatre was not connected. *Migliaccio* v. *Public Service Railway Co.*, 101 *N. J. L.* 496; *affirmed,* 102 *Id.* 442.

The judgment is reversed, with costs, and judgment entered for the defendant.